184 So. 895

**STATE et al. v. WILLIAMS, Superintendent of Banks, et al.**

6 Div. 379.

Supreme Court of Alabama.

Dec. 8, 1938.

Rehearing Denied Dec. 22, 1938.

A. A. Carmichael, Atty. Gen., and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellants.

Wilkinson & Wilkinson, of Birmingham, for appellees.

KNIGHT, Justice.

This is the second appeal in this case. See State et al. v. Williams, Superintendent of Banks, et al., 236 Ala. 272, 181 So. 792.

On the former appeal we held that the averments of the bill clearly showed that the proceeds of the bonds in question never passed under the power and control of the City Board of Education, and that after these proceeds were deposited in the Woodlawn Savings Bank, the account was only subject to check of the City of Birmingham. In other words, that the title to, and control over these funds never passed out of the said city. Therefore, it was not made to appear from the averments of the bill that the said Woodlawn Savings Bank had received funds belonging to the state under the control of the City Board of Education. We held that the bill, as presented, was without equity.

On remandment of the cause, the complainant, by amendment, undertook to cure the defects in the bill which were pointed out in our former opinion. To that end, the complainant filed the following, as an amendment to his bill:

"Comes the complainant in the above styled cause and amends the bill of complaint as filed herein by striking therefrom Paragraph III and substituting in lieu thereof the following:

"III. It is further represented that subsequent to the receipt of the proceeds of said bonds, a part thereof was deposited in the said Woodlawn Savings Bank in a special account styled 'City of Birmingham, Public School Bond Fund' and that when the said Woodlawn Savings Bank ceased to do business as aforesaid a part of the moneys so deposited was still on hand in said special account and that the same were educational funds for expenditure only under the jurisdiction of the said Board of Education of the City of Birmingham. Further, it is represented that of said amount so deposited in the said Woodlawn Savings Bank in such special account, there is a balance of $54,547.46."

It is obvious that this amendment, in legal effect, made no substantial change in the bill. Notwithstanding this amendment, in legal contemplation, it still speaks the same language. It is apparent from the bill as last amended that the title to, and control of the funds in question were still in the City of Birmingham, possibly ear-marked, though not subject to a preference.

We are, therefore, of the opinion, and so hold, that the bill, as last presented, was subject to the same defects pointed out in our former opinion, and on that authority, as well as upon the authority of the case of State et al. v. Williams, Superintendent of Banks, et al., Ala.Sup., 181 So. 794,[1] we are at the conclusion the court committed no error in sustaining the respondents' demurrers to the bill, as last amended, and in dismissing same. The decree of the court below is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

